STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-257

INHABITANTS OF THE
TOWN OF SANFORD, et al.,
                            Plaintiffs

v.

**JUDGMENT**

JAINNE NELSON,

                Defendant

This matter came on for hearing on December 1, 2004, on Plaintiffs' Motion for Default Judgment. The Defendant was served with the Complaint on August 11, 2004. Because she failed to file a timely answer, the Plaintiffs requested the Clerk to enter a default against the Defendant. The Clerk did so on September 10, 2004. The Plaintiffs filed a Motion for Default Judgment and requested a hearing so the Court could issue a judgment against the Defendant. Ms. Nelson appeared on December 1, 2004 and a hearing was conducted. There followed a series of conferences with the court, Ms. Nelson and Sanford's Code Enforcement Officer, Ms. Sheesley, to assess progress with clean-up efforts. The last conference was held on May 18, 2005. After the submission by the Plaintiffs and hearing, the Plaintiffs' Motion for a Default Judgment is hereby GRANTED.

The Court hereby ORDERS and ADJUDGES as follows:

1. The Plaintiff, Town of Sanford (hereinafter the "Town") is a duly organized municipal corporation located in Sanford, York County, Maine.

2. Springvale is a village within the Town. The Town and its Code Enforcement Officer are authorized to bring this action.

3. The Defendant is an individual residing in Springvale, York County, Maine.

4. The Defendant is the owner of a lot or parcel of land in Springvale, Maine, located at 5 Carpenter Street, and more particularly described in a deed recorded in the York County Registry of Deeds in Book 6808, Page 217, and in the Assessor's Tax Map I-15, Lot 1 (hereinafter the "Property").

5. The Property had located upon it three or more unserviceable, discarded, worn out or junk motor vehicles or parts of such vehicles, constituting an unpermitted and illegal "automobile graveyard".

6. The Property also had located upon it discarded, worn out or junk plumbing, heating supplies, electronic or industrial equipment, household appliances, furniture, discarded, scrapped and junk lumber, old or scrap copper, brass, rope, rags, batteries, paper trash, rubber debris, waste, scrap iron, steel and other scrap ferrous and non-ferrous material, rotten wood, scrap metal and garbage, constituting an unpermitted and illegal junkyard.

7. Inspections of the Property by the Town's Code Enforcement Officer revealed the following violations:

a. The Property was being used as an automobile graveyard and junkyard and does not comply with the automobile graveyard and junkyard requirements set forth in 30-A M.R.S.A. §3753. Specifically the Defendant was using the Property to operate an illegal automobile graveyard and junkyard without the required permits and without otherwise meeting the requirements of State law.

b. The Property was being maintained, used and operated as an illegal automobile graveyard and junkyard in violation of 30-A M.R.S.A. § 3753 and Sections 303 and 306 of the Town's BOCA Property Maintenance Code Ordinance and Section 11.3.6.2 of the Town Zoning Ordinance.

8. The Town's Code Enforcement Officer has duly notified Defendant of the violations.

9. Attached to the Plaintiffs' Complaint as "Exhibit A" were several copies of photographs of the Property, which were taken by the Town's Code Enforcement Officer, which fairly and accurately depicted the appearance of the Property on the date the photographs were taken.

10. On or about January 16, 2003 the Town and the Defendant entered into a Consent Agreement in an attempt to resolve the violations on the Defendant's Property. A true and accurate copy of the Consent Agreement is attached as "Exhibit B" to the Plaintiffs' Complaint.

11. The Consent Agreement required Defendant to voluntarily remove the vehicle currently parked in the front yard of the Property as well as any other

3

unregistered and uninspected vehicles, junk car parts, trailers, tires, scrap lumber, scrap metal and accumulated trash from the Property on or before the earlier of the following two dates:

  a.  April 1, 2003; or

  b.  Fourteen (14) days after the snow melts from the Property.

12.  The Defendant also agreed pursuant to the Consent Agreement not to maintain a junkyard on the Property without first obtaining a junkyard permit from the Town and all other necessary land use approvals and not to park any vehicles in the front yard but outside of the driveway of the Property.

13.  Pursuant to the Consent Agreement Defendant agreed to pay the Town a $2,000.00 fine by cash, bank check or certified check made payable to the Town on or before April 15, 2003; provided, however, that said $2,000.00 payment shall be and remain suspended unless or until Defendant violates the terms of the Consent Agreement.

14.  The Consent Agreement provides that the Town would relinquish its rights to prosecute Defendant for violating State law, the Zoning Ordinance and Property Maintenance Ordinance in consideration of the provisions set forth in the Consent Agreement; provided, however, that if the Defendant breached any terms of the Consent Agreement, the Town reserved the right to initiate appropriate court proceedings to enforce the provisions of 30-A M.R.S.A. §3751 et seq., the Zoning Ordinance, the Property Maintenance Code Ordinance and the Consent Agreement. The Consent Agreement provides that the Defendant shall be subject to additional fines

4

provided for by applicable ordinances and State law and payment of attorneys' fees and costs pursuant to 30-A M.R.S.A. § 4452 in the event the Town must initiate court proceedings to enforce the Consent Agreement.

15. The Defendant has failed to meet the conditions of the Consent Agreement as more fully set forth herein causing the Town to file this action seeking to enforce it.

16. The Defendant's violations of the Consent Agreement constitute a nuisance under 30-A M.R.S.A. § 3751.

17. Unless enjoined, the Defendant will allow the violations to continue, all to the detriment of the public health, safety and welfare.

18. For all the foregoing reasons, the Defendant leaves the Town without an adequate remedy at law to resolve the violations complained of herein and more fully set forth in the Consent Agreement.

19. Pursuant to 30-A M.R.S.A. § 3781, Section 106.2 of the Property Maintenance Code Ordinance and Section 3.5 of the Town Zoning Ordinance the Town's Code Enforcement Officer has the authority to initiate legal actions to enforce 30-A M.R.S.A. § 3751 et seq. and the ordinances by obtaining a court order requiring the Defendant to abate the illegal activity, pay a fine and reimburse the Town for its reasonable attorneys' fees pursuant to 30-A M.R.S.A. §4452.

20. Any person, including but not limited to, the land owner, the land owner's agent, or contractor, who orders or conducts any activity in violation of 30-A M.R.S.A. §3753 or the Town's ordinances shall be penalized in accordance with 30-A

5

M.R.S.A. § 4452. Pursuant to 30-A M.R.S.A. § 3758-A each day a violation continues constitutes a separate offense.

21. The Defendant's violations are willful.

22. The Defendant has used the Property for operating and maintaining an illegal Automobile Graveyard and Junkyard in violation of the aforementioned State laws and local ordinances. Specifically, the Defendant has used the Property for a place of storage for three (3) or more unserviceable, discarded, worn out or junked motor vehicles and/or parts of such vehicles. An unserviceable vehicle is any vehicle which is wrecked, dismantled, unable to be operated legally on a public highway or which is not being used for the purpose for which it was manufactured regardless of whether it is registered. The Property has also been illegally used for the storage of discarded, scrapped or junked lumber, lot wood, scrap metals, batteries, junked and/or not usable equipment, loose boards, truck bodies, car bodies, tires and wheels, paper trash, debris, automobile parts, metal drums, piping, parts, pallets, iron, or other waste material, including, but not limited to, other unidentifiable objects and materials.

23. Defendant's operation of an Automobile Graveyard and Junkyard on the Property is illegal under state law and the aforementioned local ordinances.

24. Defendant cannot avoid liability by simply claiming that she has a use for the junked cars and discarded materials on the Property. The Court is satisfied based on the evidence presented that the Defendant stores materials and objects on the Property that meet the objective definition of an Automobile Graveyard and Junkyard. See Town of Pownal vs. Emerson, 639 A.2d 619 (Me. 1994). In addition, the Court is

6

satisfied that the unserviceable, junked and discarded or worn out vehicles on the Property were not ready for use and were not presently usable on a public way.

25. The Court also finds that the Defendant has operated an Automobile Graveyard and Junkyard without the required permits.

WHEREFORE, it is hereby ORDERED and ADJUDGED as follows:

A. An injunction is granted prohibiting, restraining and enjoining Defendant, her agents, servants, employees, attorneys, family members, tenants and those persons in active concert or participation with her from continuing, establishing, operating or maintaining an auto graveyard and/or junkyard on the Property.

B. All unserviceable, discarded, worn out and junked motor vehicles, parts of such vehicles and other junk from said vehicles and any other discarded, worn out or junked vehicles and materials that comprise a "junkyard" or an "automobile graveyard" as those terms are defined in local ordinances and State laws, shall be removed from the Property immediately.

C. No additional unserviceable, discarded, worn out and junked motor vehicles, parts of such vehicles and other junk from said vehicles and any other discarded, worn out or junked vehicles and materials that compromise a "junkyard" or an "automobile graveyard" as those terms are defined in local ordinances and State laws, shall be placed on the Property after the date of this Order.

7

D.     No additional automobiles, parts or other junked or discarded vehicles or materials that comprise a "junkyard" or an "automobile graveyard" as those terms are defined in local ordinances and State laws, shall be placed on the Property after the date of this Order. No additional discarded, worn out, junked and/or recycled plumbing, heating supplies, household appliances or furniture, scraped or junked lumber, rotten wood, scrap metal, rope, rags, batteries, paper trash, rubber debris, tires or any other waste material, garbage dumps, waste dumps and/or sanitary fills shall be placed on the Property after the date of this Order.

E.     Any and all used, salvaged, stripped, recycled and/or dismantled auto parts of any vehicles shall be removed from Property immediately.

F.     This Order shall be binding upon the heirs, assigns and successors of the Defendant and shall be a covenant running with the land. The Town may record this Order in the Registry of Deeds.

G.     Between December 2004 and May 18, 2005 Defendant made slow and grudging progress to alleviate the conditions complained of by the Town. Part of the difficulty can be attributed to harsh, winter weather. However, this difficulty was also the result of a lack of urgency on Ms. Nelson's part. Because Ms. Nelson has made substantial progress toward bringing her property into compliance,

no further civil penalty is imposed at this time, however, an award of attorney's fees will be made.

H.  Defendant is ordered to pay the Town $2,153.89, towards the Town's reasonable attorneys' fees pursuant to 30-A M.R.S.A. Sec. 4452(3) and 30-A M.R.S.A. Sec. 3758, execution to issue therefore forthwith.

The Clerk is instructed to incorporate this Order by reference on the Docket pursuant to M. R. Civ. P. 79(a).

Dated:   June 2-, 2005

G. Arthur Brennan
Justice, Superior Court

PLAINTIFFS:
James Belleau, Esq
PO Box 3200
Auburn Me 04212-3200


DEFENDANT:
PRO SE
5 Carpenter Street
Springvale Me 04083